UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLAH,

                Petitioner,

    v.

DONALD R. HOLBROOK,

               Respondent.

Case No. C20-0784-JLR-MAT

REPORT AND RECOMMENDATION

Petitioner Allah is a state prisoner who is currently confined at the Washington State Penitentiary in Walla Walla, Washington. He has submitted to the Court for filing a pleading which he identifies as an emergency application for writ of habeas corpus. *See* Dkt. 3-1. Petitioner asserts in his petition that he is being illegally confined by the Washington Department of Corrections ("DOC") under King County Superior Court cause number 99-1-06987-7 SEA, and he requests that this Court order his immediate release from confinement.[1] *See id.*

---

[1] Petitioner does not specify the statutory basis for his application for writ of habeas corpus. However, the Ninth Circuit has held that 28 U.S.C. § 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention. *See White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004) (overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 552–54 (9th Cir. 2010) (en banc)). Petitioner's petition is therefore properly construed as a petition for writ of habeas corpus brought pursuant to § 2254.

REPORT AND RECOMMENDATION
PAGE - 1

Petitioner has repeatedly filed federal habeas petitions challenging his various state court convictions, including the one at issue in this case. *See Allah v. State of Washington*, C02-292-JCC (challenging 01-1-10807-3 SEA and 01-1-09176-6 SEA); *Allah v. Waddington*, C05-434-RSL (challenging 01-1-10807-3 SEA and 01-1-09176-6 SEA); *Allah v. Brunson*, C05-1480-MJP; (challenging 01-1-10807-3 SEA and 01-1-09176-6 SEA); *Allah v. Frakes*, C12-484-TSZ (challenging 01-1-10807-3 SEA, 01-1-09176-6 SEA, and 02-1-02047-6 SEA); *Allah v. Washington State Supreme Court*, C17-458-RSM (challenging 02-1-02047-6 SEA); *Allah v. Sinclair, et al.,* C19-735-JLR (challenging 99-1-06987-7 SEA, 01-1-10807-3 SEA, 01-1-09176-6 SEA, and 02-1-02047-6 SEA); *Allah v. Sinclair, et al.*, C19-902-TSZ (challenging 99-1-06987-7 SEA, 01-1-10807-3 SEA, 01-1-09176-6 SEA, and 02-1-02047-6 SEA); *Allah v. Holbrook*, C19-1103-JCC (challenging 99-1-06987-7 SEA, 01-1-10807-3 SEA, 01-1-09176-6 SEA, and 02-1-02047-6 SEA); *see also Allah v. Robinson*, C14-1234-TSZ; *Allah v. Holbrook*, C16-535-RSL. All of petitioner's previous challenges have been rejected.

It is difficult to discern the precise nature of the claims asserted by petitioner in the instant petition. However, it appears petitioner may be presenting two different types of challenges to his confinement pursuant to case 99-1-06987-7. Petitioner appears to challenge the validity of the judgment itself based, at least in part, on his oft-repeated but never successful claim that the various criminal judgments entered against him in King County Superior Court are invalid because they do not name "Allah" as the defendant but, instead, name Edwin Randal Coston.

Petitioner also identifies in his petition claims which may arguably be construed as presenting a challenge to the manner in which the DOC is executing petitioner's sentence under case 99-1-06987-7. In particular, petitioner asserts that there is an active appeal bond in the underlying criminal case, of which the DOC is aware, and that the existence of this bond renders

REPORT AND RECOMMENDATION
PAGE - 2

the case itself inactive and entitles petitioner to release. Petitioner also asserts that the underlying criminal case was actually completed and/or closed in 2000 and, thus, no longer provides a basis for his confinement.

Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." This Court's records show that the state conviction challenged in the instant petition has been final for more than one year, as recently held in *Allah v. Sinclair, et al.,* C19-735-JLR, and *Allah v. Holbrook,* C19-1103-JCC, both of which were dismissed as untimely under 28 U.S.C. § 2244(d). Thus, to the extent petitioner challenges the validity of the underlying judgment in this federal habeas action, the petition is clearly untimely.

It is less clear whether any intended challenges to the execution of petitioner's sentence might properly be deemed timely. Regardless, nothing in the record suggests that petitioner has exhausted any claims pertaining to the execution of his sentence in the state courts as required by 28 U.S.C. § 2254(b)(1). Moreover, a review of the docket in King County Superior Court cause number 99-1-06987-7, and the documents submitted by petitioner in support of his federal habeas petition, suggests that any challenges to the execution of petitioner's sentence are frivolous. *See* https://kingcounty.gov/courts/clerk/access-records/records-portal, last accessed July 26, 2020 and Dkt. 3-2.

To the extent petitioner challenges his confinement based on the existence of an active appeal bond, the criminal docket shows that an appeal bond was issued by the superior court on May 5, 2000, and that the bond was exonerated on August 7, 2002. *See*

REPORT AND RECOMMENDATION
PAGE - 3

https://kingcounty.gov/courts/clerk/access-records/records-portal, last accessed July 26, 2020. Thus, any claim that the bond is still active is simply incorrect. To the extent petitioner challenges his confinement based on his belief that the underlying criminal case was completed or closed in 2000, the criminal docket suggests that this is also incorrect. While proceedings were completed in the superior court in 2000 at the time petitioner was sentenced in the case, a review of the docket shows that the case remains active. *Id*. It does appear that, because of a paperwork error in the King County Prosecutor's Office, the DOC only recently received an Order of Commitment for petitioner in cause number 99-1-06987-7. *See id*. and Dkt. 3-2 at 12. However, nothing in the record suggests that the case has been closed or that there is any other impediment to the DOC's execution of the sentence imposed in that case.

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition, and this action, be dismissed without prejudice under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a

---

[2] Rule 4 requires a judge to dismiss a habeas petition brought under § 2254 if it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief in the district court.

REPORT AND RECOMMENDATION
PAGE - 4

certificate of appealability in this matter. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 21, 2020**.

DATED this 27th day of July, 2020.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5